Filed 11/29/23  P. v. Jimenez CA1/5

## NOT TO BE PUBLISHED IN OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FIRST APPELLATE DISTRICT

DIVISION FIVE

| | |
|---|---|
| THE PEOPLE,<br><br>        Plaintiff and Respondent,<br><br>v.<br><br>OMAR JIMENEZ,<br><br>        Defendant and Appellant. | A165743<br><br>(Alameda County<br>Super. Ct. No. 19CR016234B) |

In May 2022, defendant and appellant Omar Jimenez (appellant) was convicted of first degree residential robbery (Pen. Code,[1] § 211) with findings that he personally used a firearm (§§ 12022.5, subd. (a), 12022.53, subd. (b)) and personally inflicted great bodily injury on the victim (§ 12022.7, subd. (a)).  The evidence at trial showed that, in the early morning hours on October 19, 2019, appellant and an accomplice broke into the hearing-impaired victim's apartment in Oakland, armed with firearms.  They entered the victim's bedroom and beat the victim in the head and body with their fists and the butts of their guns.[2]  Among other things, the victim suffered

---

[1] All undesignated statutory references are to the Penal Code.

[2] Appellant points out that the victim testified at trial that he was struck with fists, but he testified at the preliminary hearing that he was struck with fists *and* the butts of the assailants' guns.  Appellant does not

fractures to his nasal bones and septum, and injuries to his teeth. Text messages on the accomplice's cell phone indicated that appellant and the accomplice had followed the victim home on a prior occasion.

The trial court sentenced appellant to 17 years in prison. The sentence was comprised of the four-year midterm sentence for the robbery, a consecutive 10-year firearm enhancement pursuant to section 12022.53, subdivision (b), and a consecutive three-year great bodily injury enhancement pursuant to section 12022.7, subdivision (a).[3] Appellant contends the trial court abused its discretion in failing to dismiss or reduce the firearm enhancement. We affirm.

Effective January 1, 2022, the Legislature enacted Senate Bill No. 81 (2021-2022 Reg. Sess.) (Stats. 2021, ch. 721, § 1) (SB 81), which "amended section 1385 to provide guidance regarding the exercise of discretion in dismissing sentencing enhancements." (*People v. Anderson* (2023) 88 Cal.App.5th 233, 238, review granted Apr. 19, 2023, S278786 (*Anderson*).) The legislation added subdivision (c)(1), which provides, "Notwithstanding any other law, the court shall dismiss an enhancement if it is in the furtherance of justice to do so, except if dismissal of that enhancement is

---

challenge on appeal the jury's finding that he personally used a firearm in commission of the robbery.

[3] The abstract of judgment states the great bodily injury enhancement was imposed under section 12022.7, subdivision (d), which imposes additional punishment for injury on a child. The victim in the present case was not a child and the trial court stated the enhancement was imposed under subdivision (a). We will direct the court to correct the abstract of judgment on remand. (See *People v. Mitchell* (2001) 26 Cal.4th 181, 185 ["Courts may correct clerical errors at any time, and appellate courts (including this one) that have properly assumed jurisdiction of cases have ordered correction of abstracts of judgment that did not accurately reflect the oral judgments of sentencing courts."].)

prohibited by any initiative statute." (§ 1385, subd. (c)(1).) And the legislation added subdivision (c)(2), which provides, "In exercising its discretion under [subdivision (c)], the court shall consider and afford great weight to evidence offered by the defendant to prove that any of the mitigating circumstances in [the subparagraphs to subdivision (c)(2)] are present. Proof of the presence of one or more of these circumstances weighs greatly in favor of dismissing the enhancement, unless the court finds that dismissal of the enhancement would endanger public safety. 'Endanger public safety' means there is a likelihood that the dismissal of the enhancement would result in physical injury or other serious danger to others." (§ 1385, subd. (c)(2).)

As relevant in the present case, section 1385, subdivision (c)(2)(E) lists as a mitigating circumstance that "The current offense is connected to prior victimization or childhood trauma." In sentencing appellant, the trial court found that circumstance applied, stating, "And the Court also finds sufficient evidence to support the mitigation factor that [appellant] suffered childhood trauma in his younger years. And . . . I would say that someone who has been exposed, who has been a victim of violence or abuse as a child may have difficulty with behavior and impulse control in later years. So that once these sort of injuries and traumas are inflicted on a person, I do not believe they sort of evaporate [] on their own as they mature. And I think that could be a contributing factor to [appellant's] actions in the case." The trial court also found as a mitigating circumstance (not listed in § 1385, subd. (c)(2)) that appellant had a "history of substance abuse disorder." Appellant asserts that, in light of the court's finding that those mitigating circumstances applied, the sentence the court imposed was "unduly harsh" and "contrary to the spirit of" SB 81. He argues the court at least should have declined to

3

impose the ten-year enhancement under section 12022.53, subdivision (b), and instead imposed only the three-year firearm enhancement under section 12022.5, subdivision (a).[4]

Appellant disregards the trial court's discussion of the numerous aggravating circumstances applicable to the underlying offense. The court explained, "the Court finds true and I rely on [Cal. Rules of Court, rule] 4.421(a)(1) that the [crime] involved great bodily harm and callousness. I also relied on (a)(3), that the victim was particularly vulnerable. I relied on (a)(8), that the crime was carried out in a sophisticated or in a manner that suggested planning. I found also aggravating factor 4.421(b)(1) that [appellant] engaged in violent conduct, which shows a serious danger to society. Also 4.421(b)(2), that [appellant's] prior criminal convictions are of increasing serious[ness] and 4.421(b)(5), that [appellant's] prior performances on probation were unsatisfactory."

Appellant appears to make three claims of error. First, he asserts the trial court "apparently" failed to give "great weight to the mitigating factors as required by the statute." But defense counsel argued, both in writing and orally, for the exercise of the court's discretion under the amended version of section 1385. The written motion emphasized the requirement to give "great weight" to the listed mitigating circumstances. Furthermore, the prosecutor

_____

[4] Below, appellant also argued that section 1385, subdivision (c)(2)(B) was applicable. That provision states, "Multiple enhancements are alleged in a single case. In this instance, all enhancements beyond a single enhancement shall be dismissed." (*Ibid*.) Appellant makes no argument about that circumstance on appeal. In any event, that circumstance did not obligate the trial court to dismiss one of the enhancements if it was not in the furtherance of justice to do so. (*Anderson*, *supra*, 88 Cal.App.5th at p. 240; *People v. Ortiz* (2023) 87 Cal.App.5th 1087, 1098, review granted Apr. 12, 2023, S278894 (*Ortiz*).)

4

acknowledged the "great weight" requirement at the sentencing hearing, but argued the trial court retained discretion to impose the enhancements in light of the aggravating factors.  On this record, we presume the court was " 'aware of and followed the applicable law.' "  (*People v. Stowell* (2003) 31 Cal.4th 1107, 1114.)

Second, appellant argues public safety is the only ground to decline to dismiss an enhancement, and the trial court did not find imposition of the ten-year firearm enhancement was necessary to protect the public.  We disagree with appellant's construction of the statute.  The trial court retained discretion to impose the enhancement if dismissal was not in furtherance of justice.  (*Ortiz, supra*, 87 Cal.App.5th at p. 1098 [the great weight to be accorded to a mitigating circumstance "does not preclude a trial court from determining that countervailing factors—other than the likelihood of physical or other serious danger to others—may nonetheless neutralize even the great weight of the mitigating circumstance, such that dismissal of the enhancement is not in furtherance of justice"].)[5]

Third, appellant argues, "a more reasonable balance could have been struck by imposing a four-year term for robbery, a four-year term pursuant to section 12022.5, subdivision (a), and either striking or imposing a three-year term for the great bodily injury enhancement."  But appellant does not dispute the evidence supported the trial court's findings as to each of the aggravating factors it mentioned, and appellant does not explain how the

---

[5] In *People v. Walker*, review granted March 22, 2023, S278309, the California Supreme Court will address the question, "Does the amendment to [] section 1385, subdivision (c) that requires trial courts to 'afford great weight' to enumerated mitigating circumstances (Stats. 2021, ch. 721) create a rebuttable presumption in favor of dismissing an enhancement unless the trial court finds dismissal would endanger public safety?"

record compelled the court to give greater weight to the mitigating factors. Appellant has not shown the trial court abused its discretion in concluding the aggravating circumstances "collectively outweighed the mitigating factor[s]." (*Ortiz, supra*, 87 Cal.App.5th at p. 1098.)

Appellant has not shown error.

## DISPOSITION

The trial court's judgment is affirmed. The trial court is directed to prepare and forward to the California Department of Corrections and Rehabilitation an amended abstract of judgment reflecting that the court imposed a consecutive three-year enhancement under section 12022.7, subdivision (a), rather than under section 12022.7, subdivision (d).


SIMONS, J.

We concur.


JACKSON, P. J.
CHOU, J.


(A165743)

6